Good morning, Your Honor. I would like to reserve two minutes for rebuttal in this case. David Yepez was charged with a 10-year mandatory minimum for drug-deficient quantity of methamphetamine across the border. He did have a prior DUI conviction, and he subsequently obtained an order non-protonque that terminated his probation prior to the date of his arrest. And I think what distinguishes the Yepez case is that he was on probation at the time that he moved for the retroactive termination, and the state court judge had broad authority under 1203.3 of the California Penal Code. The district court indicated he would have sentenced below the mandatory minimum if he felt he had authority to do so, and our contention is that he did have authority to do so, and the case most on point is the unpublished Navarro decision, but we suggest that should be the guiding case for the court. The government... How do you distinguish Alba Flores? Well, I think the distinction with Alba Flores is that Alba Flores, the non-protonque order was specifically per 1203.4, and 1203.4 of the Penal Code had already been held in the Hayden case that it was not an expungement, and so in both of those cases dealt with 1203.4, which is California's really inadequate expungement, whereas the judge in the Yepez case clearly had authority under 1203.3 to modify, change, enlarge, shorten probation, he had broad authority, and he exercised that authority. Also, in the Alba Flores case, I think as Chief Judge Kuczynski pointed out in his dissenting opinion, that state judges are often mindful of the federal implications of their sentence, as well as they should be, and he referred to this as a salutary practice, and that and the enlightenment of Navarro could agree with that. Assuming that we can distinguish Alba Flores from this case on the ground that in that case what was the issue was the conviction, and what's here is just length of probation, so assuming that I can get at this just 4A1.1D that says add two points if the defendant committed the incident offense while under any criminal justice sentence, including probation. So probation is specifically included here, and Nug Pro Tonk gets rid of it after the fact, but at the time he commits the offense, the term of probation is in effect. So how do I get out from under that? Well, I think that once the Nug Pro Tonk order was issued well within the court's authority, and that's again what distinguishes our case from a number of cases, that that was retroactive to the date before the offense. Again, our position is that that was well within the state judge's authority to make it retroactive that date, and in light of the fact that probation was terminated the day before the offense, then as a matter of record, he was... Terminated Nug Pro Tonk the day before, that is to say the actual act of the Nug Pro Tonk, of course, takes place after the commission of the offense. Yes, but I think the power of the Nug Pro Tonk order was that since he was retroactively terminated... That's certainly the intent, right, I understand that. That it's clear from the record that he was not on probation at the time of the offense, and therefore the two points that took him out of safety valve eligibility should not have been given. What's the principal distinction between the expungement statute in Alba Flores and the supervisory probation statute that applies to IAPAS? Well, I think the expungement under California Penal Code 1203.4, it's always been kind of an illusory remedy. It's a dismissal, but it only partially eliminates some of the consequences of a conviction, and it's becoming a remedy that's so riddled with exceptions that it ceases to be meaningful and just can't be recognized by federal courts in sentencing. And specifically, after 1203.4, a prior could still be used as a strike, could still be used as a prior for a subsequent conviction. It doesn't allow state... it requires disclosure on state employment for the lottery. So it's just not a true expungement like the statute for juvenile convictions that allows eliminating and actually destroying records and making it pretty much non-existent. 1203.3 gives extremely broad authority to a superior court judge to enlarge, shorten, expand the period of probation as long as the petitioner is on probation at the time. Right. That's the irony, right, is that the sentencing guideline gives you the points if you're on probation, but you only get relief under 1203.3 if you are on probation. So that's the supreme irony of that sort of relief. Yes, that's true, Your Honor. I realize there are some cases where people come later after a patient has expired and try to seek the same remedy, or it simply has no power. Right. It's like being on supervised release in federal court. I can retroactively change a number of things about supervised release because I'm still supervising a number of people. But I couldn't get rid of their conviction or alter the nature of their conviction. Yes, I would agree, Your Honor. Well, is not expungement limited to convictions? Sorry? Is not expungement limited to convictions?  Yes, yes. In our case ---- I believe with expungement, I'm sorry, 1203.3, you're asking for dismissal pursuant to 1203.4 of a conviction. I know in that one case, Aldo Flores, the court actually granted the motion but put specifically per Penal Code 1203.4. Well, the guidelines comment, well, it's under 401.2J, census for expunged convictions are not counted. It's limited, you have to have the conviction expunged. Yes, I believe that if the conviction is expunged, then it's not counted, but then because of the numerous exceptions where there are still consequences of a conviction in the 1203.4 statute that Hayden and other cases have held that for sentencing guidelines purposes that a 1203.4 dismissal is not an expungement. But in our case, does it not involve a termination of the sentence? That is probation? Yes. In our case, we're intending that the state court judge used his power under 1203.3 of the Penal Code to terminate probation and 1203.3 granted him broad authority to shorten or enlarge probation as opposed to 1203.4. And so it's a retroactive termination. But the issue is the sentence was terminated, correct? The conviction wasn't altered in any way in our case. That is correct. In our case, I don't believe the conviction was altered. It was a probationary sentence, non-probation. It was simply modified in terms of probation. That would be our position. So the defendant was under a sentence on the guideline when he was serving probation until a non-protonc order was issued, correct? Although the non-protonc order was sought subsequent to the arrest, that the motion was made, it's our contention that the state court judge had the power to retroactively terminate. Well, the state only had the power. I believe so. And our position is that the federal court judge, who actually wanted to go below the mandatory minimum, should not have assessed the two points for being on probation in light of the non-protonc order that the state judge had issued. Thank you. And we'd like to reserve two minutes for questions. Well, you're actually over, but I'll give you a minute. But we're also hearing the same argument in the next case as well. I can't quite see the clock from here. Thank you. That's right. Good morning. Tim Perry for the United States. Very briefly, the position of the United States is that the case of Alba Flores renders a broader rule than defense counsel would have it. Alba Flores says what you do is at sentencing on a federal matter, you take a snapshot of the defendant's position when he actually committed his offense, and you take the circumstances then to determine whether he was on a particular probationary term or so forth under Section 4A.1.1. Defense counsel mentions that Section 1203.3 was the California Penal Code section that he had moved under in superior court for his defendant. But that doesn't matter because 1203.3 is not akin to a change due to expungement, an error of law, or the factual innocence of a defendant as the guidelines put it. In fact, as the Court mentioned, that would be quite impossible because probation isn't a conviction. It's not a status of conviction or being innocent. It is instead a term of sentence. And with that, the United States would submit unless the Court decided otherwise. On that, we look prepared to not only distinguish Alba Flores but perhaps go the other way. Let me ask you, so why – okay, given the advisory nature of the guidelines, if this particular defendant – let's say we had a contrary rule to what you're asking us to broaden Alba Flores to another statute. Suppose we decline and the district court judge at sentencing says, okay, I don't have to give an extra two points here on this criminal history under the sentencing guideline, but this guy's a really bad actor and the nature of the crime was very serious and I don't think that the sentence that I get from calculating the guidelines minus those two criminal history points is adequate. So I'm going to give him 10 years anyway. Can't the district court do that? I mean, given this world we're in where he could impose a sentence unique to the individual before him, he could do that if he thought it was appropriate. He could not. He could not. Why not? The statute that governs the 10-year mandatory minimum, which is a statute, which is a mandatory minimum, says that if a defendant has more than one criminal history point – more than one. That would require the court to find that the district court erred in deciding that the defendant was – No, you're not understanding my question. This is a hypothetical, okay? And the hypothetical is we rule against you in this advisory – I'm not liking this hypothetical. Well, it's okay. You don't have to like it, but you still have to answer the question. Otherwise, we'll make up our own answers. I just want to have some input into how this goes. Wouldn't the district court judge be able to sentence a particularly heinous defendant to the 10 years anyway? That's correct. If the court – the maximum term for this crime, I believe, is life in prison. So the judge could, under the guidelines, sentence up to 120 months. Okay. So I guess what really is troubling – I mean, you're asking us to look at historical fact versus legal fact, okay? So we're making a distinction here. And what really bothers me in this case and the other case is that in both cases, the judges – the district court judges who otherwise have, you know, wide, wide discretion in the area of sentencing – the defendant should be sentenced to the mandatory minimum. The nature of the crime, the nature of the prior crime, everything else related to the crime under the 3553A factors, it wasn't appropriate to give that length of a sentence. And that really influences me because I tend to defer to district court – having been a district court judge, I defer to district court judges' opinions. And it seems to me if you could go – if the law could operate the other way, why couldn't it operate to defer to a judge who thinks that the sentence shouldn't be as high as it is? The reason that the 120-month result is compelled is because of the statute. You mentioned 3553A. It's 3553F that sets out – as the court is familiar – sets out factors that govern whether a defendant is safety valve eligible. And following that statute, the court concluded that this defendant was not safety valve eligible. That is why the 120-month sentence must apply, not because of the guidelines. Now, we know from several recent cases by the Supreme Court that the guidelines are advisory in many respects. Does – and the district judge can be influenced by those guidelines, but is not compelled to follow them for good reasons shown. Does the discretion of the district judge with respect to the guidelines extend to counting points? It ought not, Your Honor. Pardon me? It ought not. I didn't ask whether it ought not. I asked whether it does. Off the top of my head, I don't know if there is controlling law as to whether that is the case. Because it seems to me that at least one possibility here is that the district judge might say, well, yeah, I see that there are two points here, but frankly, I don't want to count one of them. And I've got discretion under the guidelines. Is that an available route for the district judge to take? I do not know the answer to that question for certain. I believe that there is an answer to your case that says if a court, if a district court, a sentencing court, says that one's criminal history is overcounted by the guidelines, that does not change whether or not that they are safety valve eligible. It could change your criminal history category. Sentencing judges can change someone's criminal history category by saying, look, the guidelines overstate the seriousness of your background. But I do believe it is the case that in this case. Was the 10-year sentence in this case fair? This is, it is fair in the sense that Congress. I just heard a qualifier in there, in the sense. Do you want to say whether it's fair or not, or do you want your qualifier to stay? There are appropriate structures that deal with sentencing. And there are mandatory minimum sentences. They, as far as I can tell, were properly enacted. It's a fair sentence. Even though the district judge thought it not so, and the district judge in the case we're about to see, which is quite similar to this one, thought it not so. And as I look at the underlying cases here, it seems actually a very severe sentence in both of them, given the prior history and so on. I mean, his prior history is a DUI. I work with mandatory minimum sentences on a daily basis, and I understand the court's concern that you raise. How much charging discretion does your office have? It has plenary charging discretion. What does that mean? We keep hearing this word, plenary. What do you mean, plenary? It can charge or not charge? Yes, we can charge a crime. We can decline to charge a crime. Charge crime A versus crime B. Yepes was a courier, right? Yes, he imported methamphetamine. And if you have plenary discretion, I think you can't hide behind the mandatory minimum then. You've got to say, my office thought this was fair. Not just I'm hiding behind what Congress thought was fair. Or maybe you don't have plenary discretion. Maybe you want to retreat from that. No, I don't want to retreat from that. Well, if you say you, you mean yourself personally? I mean your office. The Department of Justice. Let's take that. We certainly do treat similarly situated defendants similarly. This defendant was not treated differently than other defendants in his situation. He was treated the same. Well, you can see the problem here. You've got experienced district judges who are no softies looking at these two cases saying, this is just wrong. And we have a knock-punk order that says from the state court judge looking at the situation, the state court judge thinks it's wrong. And so he shortens knock-punk the period of probation. I'm not even sure that that's correct. There are other things that could have been done in the superior court to change this. The guidelines actually set out specific ways in which one could get out from under this mandatory minimum effectively. The conviction could be expunged. Right, but here's the situation. These guys, both of them, are under probation. You understand the nature of probation in state courts, right? Yes, I do. Okay, so those judges are charged with supervising these defendants and with, you know, ongoing determinations about the nature and the conditions and the duration of their probation. And they're making a decision that this person doesn't need, really didn't need the three years of probation. So they are making that decision. They're charged with making that decision under the statute. That's correct. But the motivation for that decision is to enable the defendant to go on and back to federal court, once again, not pro tempore, and avoid the mandatory minimum by reason of 5C1.2, meaning the first criterion. That seemed to me to be, and I think there's a trend in this regard, though I won't only call it a conspiracy or a scheme between the state and the federal court to avoid this mandatory minimum if the federal judge feels it's unfair. There's, I can say that there certainly wasn't a conspiracy in this case. In the record, you can see that the district court, the federal district court judge, although he did say that if the mandatory minimum did not apply, he would provide, he would give a lower sentence to the defendant. He also said that he strongly objected to the idea that a superior court judge, who basically has no competency to affect federal sentencing, would be able to affect federal sentencing in this unilateral way. And he also objected that this offends principles of finality. What is it? On September 16th or September 17th, was the defendant on probation or was he not? There should be a single answer to that. But probation, that's not final. And by its nature, it's not final, a probationary term. I mean, it ends, but there's all sorts of things that change during the course of it. Well, why don't we, we're going to hear the same argument, I think, from one of your colleagues. So why don't we just let, let's see, Mr. Burke have his minute, and then we'll go to some of this again. I think, as Your Honor correctly points out, it's not an issue of finality there because under 1203.3, the court has continuing jurisdiction to modify probation, shorten, and enlarge. Also, in Albemarle, it's pretty distinguished because it's 1203.4. Chief Judge Kaczynski pointed out that even that case may be creating a conflict in the, or splitting the circuit with Mejia. And Mejia would seem to suggest that it's not the probation originally imposed, but ultimately determined. And certainly, the state court judge should have discretion. He weighed it very carefully over three hearings. And I think our point that it's dangerous to have a standard of trying to determine what the subjective intent of the state court judge is, or to be looking over the shoulder of the state court judge. It's part of the state court judge's duty to be weighing what should happen to a particular person, weighing the equities, which he did. And I think ultimately, although the federal judge didn't, he may not have felt that the state court judge had that authority to do so, he indeed did believe that a lesser sentence was appropriate and stated so in the record. With that, we'll submit. Thank you, Your Honor. Thank you, counsel. U.S. v. Yepez will be submitted, and we'll take up U.S. v. Acosta-Montes.
judges: Timlin, Wardlaw, Fletcher W.